JANUARY TERM, 1882, No. 7.          JANUARY 12TH, 1882.

## Roberts *versus* Williams *et al.*

The plaintiff, a trustee, held the mortgage of a third party, and a separate guaranty by the defendants of its payment. At a sheriff's sale of the real estate, under proceedings on the mortgage, he bid for the purpose of protecting the mortgage, and the property was knocked down to him. The conditions of the sale were, that upon failure of the purchaser to pay within ten days, the property might be resold at his expense, and he would be liable for any deficiency. The plaintiff did not pay the amount of his bid, but at his request the sheriff returned the writ, and he issued an alias *levari facias.* At the sale under this writ the property brought a less sum. *Held,* in a suit upon the guaranty, that the guarantors were entitled to set off the difference between the amounts realized at the two sales.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 4, for the *County of Philadelphia.*

Debt, by John Roberts, trustee, against George Williams, Charles E. Ellis, and Anna M. Ellis, executors of the last will and testament of Amos Ellis, deceased, upon an obligation of the testator, in which he guaranteed the payment of a certain mortgage debt.

Upon the trial in the Court below, before THAYER, P. J., the following facts appeared:

The testator held a mortgage for $4450, and accompanying bond, on real estate in the city of Philadelphia, dated February 12th, 1869. On the 30th of April, 1873, he assigned it to J. Madison Miller, trustee for Catharine Hobbs, and at the same time executed and delivered to the trustee an obligation under seal, in which he guaranteed the payment of the mortgage debt, principal and interest, in case it should not be recovered in proceedings against the mortgagor, his heirs and assigns, or against the mortgaged premises. The trustee died May 3d, 1878, and the plaintiff was appointed in his place.

June 22d, 1878, a judgment was obtained upon the mortgage for $4650, and an execution was issued. The property was offered for sale by the sheriff in August, 1878. The conditions of the sale were read as follows:

" Conditions of sale: fifty dollars of the price or sum at which the property shall be struck off shall be paid to the sheriff at the time of sale, unless the purchase-money shall be less than that sum, in which case only the purchase-money shall be paid, otherwise the property will again be immediately put up and sold. The balance of the purchase-money must be paid to the sheriff at his office within ten days from the time of sale without any demand being made by the sheriff therefor, otherwise the property may be sold again at the expense and risk of the person to whom it is struck off, who, in case of any deficiency at such resale, shall make good the same."

*John Roberts*, the plaintiff, testified that he attended the sale; that there were two bidders, a Mr. Carpenter and himself; that he had no instructions about the property; did not desire to buy it, and only bid to protect his mortgage; that it was struck down to him; that he did not take it, but at his request the sheriff returned the writ, and he issued an *alias levari facias*, and gave notice to the defendants that on the sale under the *alias* he would hold them responsible for the difference between the amount of the judgment and what would be realized. His bid was $4750, on account of which he paid $50.

*E. P. Carpenter*, for the plaintiff, testified that at the sale he bid on two properties, the one in question and another;

that the latter was struck down to him, and that the party whom he represented did not take it.

The property was sold under the *alias levari* to E. L. Bender for $4000, out of which on a settlement with the sheriff the plaintiff received $3692.51. He claimed the difference between this sum and the amount of the judgment.

The Court reserved the point, whether the failure of the plaintiff to comply with his bid at the first sheriff's sale, and to take the property at the price bid, is a defence to his claim in this action to the extent of the difference between the sum bid by him at that sale and the sum which the property brought at the second sale.

The jury found a verdict for the plaintiff as follows:

If the Court should be with the plaintiff on the reserved point, they find for the plaintiff $966.29; but if the Court should be with the defendant on the reserved point, they find for the plaintiff $260.66.

The Court subsequently found the reserved point for the defendant, and entered judgment for the plaintiff for $260.66.

The plaintiff then took out a writ of error, assigning as errors the ruling on the point reserved in favor of the defendant, and in allowing in a suit brought by John Roberts, trustee, as a set-off, a liability, if any existed, of John Roberts individually to the sheriff.

*George S. Graham*, for the plaintiff in error.

The bidding of plaintiff at the first sale was for the benefit of the defendants, since if the property had been struck down at a low figure they would have had a greater deficiency to make up. As the first sale was not insisted on, the presumption is it was waived by the sheriff. He alone could sue: Freeman *v.* Husband, 27 P. F. Smith, 389; Adams *v.* Adams, 4 Watts, 162; Gaskell *v.* Morris, 7 W. & S., 32.

The sum of $750 was allowed as a set-off against the trustee's claim for the deficiency, when, if there was any liability, it was one of Roberts to the sheriff: Longsfeltt *v.* Barsher, 3 P. & W., 492; Huling *v.* Hugg, 1 W. & S., 418; Wolf *v.* Beales, 6 S. & R., 242.

There was no consummation of the sale, and therefore no appropriation, and the sheriff had only a right of action, which he waived.

*George W. Thorn*, for defendant in error.

By his purchase of the property the mortgage debt was paid to the extent of the purchase-money.

By the terms of the sale the plaintiff was absolutely bound without further demand.

[Schultz *v.* Asay *et al.*]

The guarantor is liable only in case the debt could not be recovered by the use of proper diligence against the principal debtor: Rudy *v.* Wolf, 16 S. & R., 79; Johnston *v.* Chapman, 3 P. & W., 18; Isett *v.* Hoge, 2 Watts, 128; Gilbert *v.* Henck, 6 Casey, 205; Hoffman *v.* Bechtel, 2 P. F. Smith, 190.

Here the plaintiff had the money in his own hands.

JANUARY 30TH, 1882.—PER CURIAM: We are of opinion that the judgment of the Court below, on the point reserved for the smaller sum, was entirely right. The plaintiff was personally liable on his bid, which was accepted by the sheriff, and the fifty dollars required by the conditions of sale were paid by him. The fact that he brought this action as trustee did not relieve him from the set-off. He must answer— if he is responsible for the loss to the trust estate—to his *cestui que trust.*

Judgment affirmed.